IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: | ) |
| | ) |
| Dannie L. Bennett, Jr aka Dannie Lee Benett, Jr aka Dan Bennett, Jr. and Maria J. Bennett aka Maria DeJesus Bennett aka Maria Jesus Bennett, *Debtor* | ) Case No. 23-80623-bsk ) ) ) Chapter: 13 |
| BMO Bank N.A., *Creditor* | ) |
| vs. | ) |
| Dannie L. Bennett, Jr aka Dannie Lee Benett, Jr aka Dan Bennett, Jr. and Maria J. Bennett aka Maria DeJesus Bennett aka Maria Jesus Bennett, *Debtor* | ) |
| and | ) |
| Erin M. McCartney, *Trustee* | ) |

## CONDITIONAL ORDER RESOLVING MOTION FOR RELIEF FROM STAY WITH CURATIVE PROVISIONS

THIS MATTER comes before the Court for hearing upon the motion of BMO Bank N.A., its subsidiaries, affiliates, predecessors in interest, successors or assigns, ("Creditor"), For Relief from the Automatic Stay. The appearances are Hunter C. Gould of the firm of SouthLaw, P.C.; and Dannie L. Bennett, Jr and Maria J. Bennett, by Joel G. Lonowski. The Court makes the following findings:

1. A motion for order granting relief from stay was filed on March 7, 2024, and copies were mailed to Trustee and to Debtors and counsel for Debtors. Proper notice with an opportunity for hearing on the motion for relief was served on all interested parties.

2. Creditor claims a secured interest in real property described as follows:

**LOT 78, TREGARON, A SUBDIVISION, AS SURVEYED, PLATTED AND RECORDED IN SARPY COUNTY, NEBRASKA.**, commonly known as 13411 Lochmoor Cir, Bellevue, NE 68123 (the "Property")

3. Debtors acknowledge and the Court finds that they failed to make certain post-petition payments due under the Promissory Note and Security Instrument described in Creditor's motion. The Court further finds that this constitutes sufficient cause pursuant to 11 U.S.C §362(d) to lift the Automatic

File No. 242280
Case No: 23-80623-bsk

United States Bankruptcy Court
District of Nebraska
In re: BMO Bank N.A. v. Dannie L. Bennett, Jr and Maria J. Bennett
Case No. 23-80623-bsk
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 2

Stay.

4.  Notwithstanding Finding number three of this Order, the parties consent and agree to the terms and conditions of this stipulation in full and complete settlement of the Motion for Relief from Automatic Stay.

5.  Debtor and Creditor agree that the Debtors have cured the delinquency listed in Creditor's Motion for Relief and the loan is now due for the on-going post-petition payment due April 15, 2024.

6.  Debtor agrees to make the on-going post-petition payments when due and as called for under the terms of the Promissory Note and Security Instrument beginning with the **April 15, 2024** payment.

7.  All payments under this agreement shall be paid directly to Dovenmuehle Mortgage Co. Debtors shall make the normal current monthly payments when due and as called for under the terms of the Promissory Note and Security Agreement. Time is of the essence to all payments.

8.  Should Debtors fail to make **any** of the payments called for above, Creditor shall be then entitled to immediately notify the Court, Debtors, Debtors' counsel and Trustee in writing, of the delinquency. If Debtors fail to fully cure the delinquency within ten (10) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing and Creditor will then submit a final Order Granting Relief from Stay.

9.  Furthermore, Debtors and Creditor agree that if Debtors, at any time after execution of this Conditional Order, convert this Chapter 13 bankruptcy case to a case under Chapter 7, Creditor shall

United States Bankruptcy Court
District of Nebraska
In re: BMO Bank N.A. v. Dannie L. Bennett, Jr and Maria J. Bennett
Case No. 23-80623-bsk
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 3

be then entitled to immediately notify the Court, Debtors, Debtors' counsel and Trustee in writing, of the contractual delinquency. If the Debtors fail to fully cure the contractual delinquency within ten (10) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing and Creditor will then submit a final Order Granting Relief from Stay.

10.    Debtor and Creditor agree that the Attorneys Fees sought by Creditor in paragraph eleven (11) of the Motion for Relief from Stay are hereby GRANTED and shall be paid directly to Creditor with funds currently held in suspense received from Debtor on March 22, 2024.

**IT IS THEREFORE ORDERED, ADJUDGED, AND AGREED** that the above findings shall become orders of this Court

**IT IS SO ORDERED.**

Dated  March 29, 2024

/s/ Brian S. Kruse
_____
Judge, U.S. Bankruptcy Court

File No. 242280
Case No: 23-80623-bsk

United States Bankruptcy Court
District of Nebraska
In re: BMO Bank N.A. v. Dannie L. Bennett, Jr and Maria J. Bennett
Case No. 23-80623-bsk
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 4

Approved as to form and content:

SOUTHLAW, P.C.

*/s/ Hunter C. Gould*
_____
Steven L. Crouch (MBE #37783; EDMO #2903; KSFd #70244)
Wendee Elliott-Clement (MBE #50311)
Daniel A. West (MBE#48812; EDMO #98415; KSfd#70587)
Hunter C. Gould (MBE #65355; #KSFd #78608; KS#29961)
10855 W. Dodge Rd., Suite 230
Omaha, NE 68154
(913) 663-7600
(913) 663-7899 Fax
nebkecf@southlaw.com
**ATTORNEYS FOR CREDITOR**

_____
Joel G Lonowski
Morrow Poppe Law Offices
201 N 8th St., Ste 300
Lincoln, NE 68501-3439
**ATTORNEY FOR DEBTOR**

File No. 242280
Case No: 23-80623-bsk