IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK 23-80623 |
| | ) | Chapter 7 |
| DANNIE L. BENNETT, JR. | ) | |
| MARIA J. BENNETT | ) | |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY
BY HEA CORPORATION, JORDAN MELLICAN and RENEE MELLICAN;
AND CERTIFICATE OF SERVICE**

COMES NOW the Trustee and for his objection to the Motion for Relief filed by Creditors, HEA Corporation, Jordan Mellican and Renee Mellican (Fil. 204) and alleges as follows:

1. The Debtors originally filed a Chapter 13 case on August 11, 2023. The case was converted to a Chapter 7 case on October 18, 2024 and Philip Kelly was appointed as Panel Trustee.

2. Prior to the bankruptcy filing, Creditors, HEA Corporation, Jordan Mellican and Renee Mellican had filed a state court case against the Debtors involving the sale and purchase of a business. Creditors claim fraudulent activity was committed by the Debtors in the state court proceedings. Upon filing of the Chapter 13 case, the state court case was moved to bankruptcy court and an adversary case was filed by the Creditors. This matter came on for trial and eventually a judgment was entered in favor of the Creditors against Dannie L. Bennet, Jr. only in the amount of $764,000. The judgment included a provision that the judgment was excepted from discharge.

3. The undersigned, as Trustee, has reviewed the bankruptcy schedules, the Court's order and consulted with counsel. The Trustee intends to sell both parcels of real estate owned by the Debtors in Sarpy County, Nebraska. There appears to be non-exempt equity in both properties. The Trustee would intend to retain a real estate broker and list the properties for sale in a commercially reasonable manner. If a contract is consummated by the Trustee, he intends to file an application to sell the properties free and clear of

liens pursuant to § 363 of the Bankruptcy Code with any liens attaching to the sale proceeds.

4. Trustee alleges that the filing of the judgment lien would create potential interference and cause complications for the sale of the real estate.

5. Trustee alleges that the claim arose out of contact prior to August 26, 2016 and that the liability arose on or about the same date.

6. Trustee alleges that a sale, through the bankruptcy estate, would provide the most efficient and economical means of liquidating the bankruptcy estate assets. The Creditors have filed a Proof of Claim in the amount of $1,533,858 (Claim No. 15) which constitutes a vast majority of the unsecured claims.

7. Allowing a judgment lien to be filed could create conflicting efforts by the judgment lien holder and the bankruptcy trustee to liquidate the asset, and that a sale by arm's length transaction, through a real estate broker, is likely to provide a greater recovery for the judgment creditors and all creditors of the bankruptcy estate.

WHEREFORE, the undersigned prays for an order of the court denying the Motion for Relief from Stay.

PHILIP M. KELLY, Trustee

*Philip M. Kelly*
Philip M. Kelly, NSBA #15427
DOUGLAS, KELLY, OSTDIEK, SNYDER,
OSSIAN and VOGL, P.C.
105 E. 16th Street, P.O. Box 419
Scottsbluff, NE 69363-0419
Telephone: 308-632-7191
Email: pkelly@scottsblufflaw.com

CERTIFICATE OF SERVICE

      The undersigned is relying upon the CM/ECF filing system for electronic service upon Jay D. Koehn, Attorney for the Creditors, HEA Corporation, Jordan Mellican and Renee Mellican; and the U.S. Trustee's Office.

_____*Philip Kelly*_____
Philip M. Kelly, NSBA #15427